THOMAS, J.,
for the Court:
¶ 1. S & F Publishing Company, Inc. appeals the Second Judicial District of Harrison County Chancery Court’s decision, claiming the following issues as error
ISSUES
I. WHETHER THE TRIAL COURT ERRED IN FINDING AND GRANTING JUDGMENT THAT THE SECOND JUDICIAL DISTRICT OF HARRISON COUNTY MISSISSIPPI IS NOT A POLITICAL SUBDIVISION FOR PURPOSES OF LEGAL ADVERTISEMENTS.
II. WHETHER THE TRIAL COURT ERRED IN FINDING AND GRANTING JUDGMENT THAT GULF PUBLISHING COMPANY, INC. IS QUALIFIED TO PUBLISH LEGAL ADVERTISEMENTS IN THE SECOND JUDICIAL DISTRICT OF HARRISON COUNTY, MISSISSIPPI, AND THE CITY OF D’IBERVILLE, EVEN THOUGH GULF PUBLISHING COMPANY, INC. DOES NOT HAVE A KNOWN PLACE OF PUBLICATION AND PRINCIPAL BUSINESS OFFICE THERE.
III.WHETHER THE TRIAL COURT ERRED IN FINDING THAT RES JUDICATA COMPELS A FINDING THAT GULF PUBLISHING COMPANY, INC. IS QUALIFIED TO PUBLISH LEGAL NOTICES IN THE CITY OF BILOXI, THE CITY OF D’IBERVILLE AND THE SECOND JUDICIAL OF HARRISON COUNTY, MISSISSIPPI, EVEN THOUGH THE “GRANDFATHER CLAUSE,” MISS. CODE ANN. § 13-3-32, CONTEMPLATES DISQUALIFICATION OF A NEWSPAPER BASED ON SUBSEQUENT FINDINGS BY COMPETENT AUTHORITY.
FACTS
¶ 2. On October 13,1995, Gulf Publishing filed its Complaint against S & F in the Chancery Court of the Second Judicial District of Harrison County, Mississippi seeking a declaratory judgment declaring the rights, status, and legal relations of Gulf Publishing affected by Miss.Code Ann. §§ 13-3-31 and 13-3-32 in regards to the rights, status, and legal relations of S & F, insofar as the political jurisdictions of the City of Biloxi, the City of D’Iberville and the Second Judicial District of Harrison County. This case is a dispute over qualifications of two newspapers, the Biloxi-D’Iberville Press published by S & F Publishing Company, Inc. and The Sun Herald published by Gulf Publishing Company, Inc.
¶ 3. At trial, S & F and Gulf Publishing stipulated that S & F’s known office of publication and principal public business office is in the city of D’Iberville, which is located in the Second Judicial District of Harrison County, and S & F is qualified to publish legal advertisements in the Second Judicial District of Harrison County, Mississippi. They also stipulated that Gulf Publishing’s known place of publication and its principal public business office is in *40 Gulfport, which is in the First Judicial District of Harrison County. Furthermore, the parties stipulated that the only issue regarding qualification to publish in a specific political subdivision at issue is whether the newspaper met the requirements of Miss.Code Ann. § 13 — 3—31(l)(e) requiring publication in some newspaper which:
Is issued from a known office of publication, which shall be the principal public business office of the newspaper and need not be the place at which the newspaper’s printing presses are physically located. A newspaper shall be deemed to be published at the place where its known office of publication is located.
¶ 4. S & F contended that it was the only newspaper qualified to publish legal notices in D’Iberville and the Second Judicial District of Harrison County, because no other newspaper had a known place of publication and a principal business office in D’Iberville or in the Second Judicial District and because the Second Judicial District of Harrison County is a separate political subdivision. Gulf Publishing, however, contended that Gulf Publishing and S & F Publishing were qualified to publish legal notices in D’Iberville and in the Second Judicial District, because the Second Judicial District of Harrison County is not a separate political subdivision, and therefore a newspaper with a known place of publication and principal office in either the First or Second Judicial Districts of Harrison County would be qualified to publish legal notices in the Second Judicial District. Gulf Publishing further contended that res judicata requires the prior findings of Gulf Publishing’s qualifications to apply in perpetuity. S & F contested the legal basis for applying res judicata and contended that the prior findings of fact were only applicable to the fact situation at the time of the findings, subject to a later determination by a court of competent jurisdiction, and was not a perpetual finding of qualification for Gulf Publishing.
¶ 5. Judge Stewart entered his Judgment on December 8, 1998 finding that both newspapers were qualified to publish legal notices within the Second Judicial District of Harrison County, Mississippi, and any municipality within the Second Judicial District of Harrison County, Mississippi. The court went on to hold that the qualifications of both newspapers pursuant to Miss.Code Ann. § 13-3-31 had already been determined on at least two occasions by the Circuit Court in Harrison County, and therefore both parties are barred by res judicata from re-litigating their qualifications. The court also found that the Biloxi-DTberville Press’ known office of publication is only in D’Iberville, Mississippi since the Biloxi office does not significantly contribute to the publication of the paper. Finally, the court held that Harrison County is one political subdivision. From the chancery court’s ruling S & F Publishing Company, Inc. appeals to this court.
ANALYSIS
¶ 6. Declaratory judgments allow courts to declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought. MISS. R. CIV. P. 57. By so doing, a court uses its discretion in the public’s interest to properly balance the plaintiffs needs with the consequences of providing the relief sought. “The principal criteria guiding the policy in favor of rendering declaratory judgments are: (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.” MISS. R. CIV. P. 57 cmt. Declaratory relief is discretionary since Rule 57 also provides that the trial court may refuse to render or enter a declaratory judgment where such judgment, if entered, would not terminate the uncertainty or controversy giving rise to the proceeding. However, “the require *41 ments of pleading and practice in actions for declaratory relief are exactly the same as in the other civil actions.” Id. (emphasis added).
¶ 7. Although the issue is appropriate for declaratory relief, we hold that the trial court did not properly grant it in this instance. This case does not involve “an actual controversy” between these litigants in the sense intended by Rule 57. MISS. R. CIV. P. 57 cmt. A declaratory judgment is appropriate only in these instances where an actual controversy between potential litigants exists but the dispute “has not reached the stage at which either party may seek a coercive remedy.... ” Id. This case represents a running feud between business competitors that, on the issues presented in this case, could never ripen into a situation where either could obtain a coercive remedy against the other. To the extent that either litigant felt itself wrongfully deprived of the right to compete for the legal notice publishing business of a governmental body within the borders of Harrison County, the coercive legal remedy would be against the public body contracting for the publication and not against the company that obtained the contract. The contracting company might be- a proper, or even a necessary, party to the proceeding, but the crucial relief sought would, beyond question, be against the contracting governmental body. One of the fundamental concepts of litigation is that the party against whom relief is sought must be before the court. Thus, it is apparent that a declaratory judgment cannot be expected to be enforced by entities not a party to the action.
¶ 8. In view of our belief that the chancellor abused his discretion in granting the Declaratory Judgment, we find a want of jurisdiction before the chancellor and also before this Court. We therefore Reverse and Render.
¶ 9. THE JUDGMENT OF THE HARRISON COUNTY CHANCERY COURT IS REVERSED AND RENDERED. COSTS ARE TAXED AGAINST THE APPELLEE.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ, CONCUR.